**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1611-22

STATE OF NEW JERSEY,

Plaintiff-Respondent,

v.

SUSAN E. MAZZONE,

Defendant-Appellant.

________________________

Submitted January 31, 2024 – Decided March 12, 2024

Before Judges Susswein and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 18-10-0804.

Joseph E. Krakora, Public Defender, attorney for appellant (Robert C. Pierce, Designated Counsel, on the briefs).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen Anderson Pickering, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Susan Mazzone appeals from a January 30, 2023 Law Division order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. After carefully reviewing the record in light of the arguments of the parties and governing legal principles, we remand for the PCR court to conduct an evidentiary hearing.

We discern the following procedural history from the record. In October 2018, defendant was charged by indictment with third-degree distribution of fentanyl, N.J.S.A. 2C:35-5(a)(1), 2C:35-5(b)(5); first-degree strict liability for drug-induced death, N.J.S.A. 2C:35-9(a); two counts of third-degree possession of oxycodone and alprazolam with intent to distribute, N.J.S.A. 2C:35-5(a)(1), 2C:35-5(b)(5); and third-degree conspiracy to possess controlled dangerous substances (CDS) with intent to distribute, N.J.S.A. 2C:5-2(a)(1), 2C:35-5(a)(1), 2C:35-5(b)(5).[1]

In February 2019, defendant pled guilty to first-degree strict liability for drug-induced death pursuant to a plea agreement that provided she would be sentenced as if convicted of a second-degree crime. The plea agreement further provided the prosecutor would recommend a sentence of eight years in state

[1] The indictment also charged codefendants Lauren Dorff and Sherman Martin. The codefendants are not part of this PCR petition or appeal.

prison subject to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2. The plea agreement also called for defendant to provide truthful testimony at codefendants' trials, dismissal of all remaining counts, and the possibility of a further downward departure of the sentence for any post-plea cooperation in accordance with mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12).

Defendant was sentenced on May 23, 2019. The prosecutor recommended a one-year reduction in the prison term proposed in the plea agreement because defendant agreed to an interview with the prosecutor's office. The court imposed a seven-year term subject to NERA. The sentence provided a further downward departure might be possible depending upon defendant's testimony and cooperation.

In November 2019, defendant appealed her sentence. On June 7, 2021, we affirmed the sentence at a Sentencing Oral Argument (SOA) calendar, pursuant to Rule 2:9-11. Defendant did not file a petition for certification.

In August 2021, defendant filed a pro se PCR petition. She argued she was deprived of effective assistance of counsel at the plea stage, claiming counsel failed to move to dismiss the indictment as it was based on false testimony, and failed to demand the State's autopsy report to challenge its findings. Defendant also claimed she was not given the toxicology report and

other documents to review prior to pleading guilty. An amended PCR petition filed through counsel asserted if trial counsel had reviewed this information with her, she would not have pled guilty and would have proceeded to trial. Defendant also claimed the plea was forced on her by counsel.

Oral argument on the PCR petition was held on October 28, 2022. On January 30, 2023, the court denied defendant's request for an evidentiary hearing and petition for PCR, issuing a thirty-four-page written decision.

This appeal follows. Defendant raises the following contentions for our consideration in her initial appeal brief:

> POINT I
>
> THE TRIAL COURT ERRED IN DENYING [] [DEFENDANT'S] PETITION FOR [PCR] WITHOUT AFFORDING HER AN EVIDENTIARY HEARING TO FULLY ADDRESS HER CONTENTIONS THAT SHE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL, AS A RESULT OF WHICH HER ENSUING GUILTY PLEA WAS NOT FREELY, VOLUNTARILY AND KNOWINGLY ENTERED.
>
> POINT II
>
> THE STATE VIOLATED BRADY V. MARYLAND[2] AND THERE WAS A REASONABLE PROBABILITY THAT, BUT FOR THE STATE'S FAILURE TO DISCLOSE THE TOXICOLOGY

[2] 373, U.S. 83 (1963).

REPORTS, [DEFENDANT] WOULD NOT HAVE PLE[]D GUILTY.

Defendant raises the following contentions for our consideration in her reply brief:

POINT I

REPLY TO THE STATE'S ARGUMENT THAT "THE PCR COURT PROPERLY DENIED DEFENDANT'S PETITION FOR PCR WITHOUT AN EVIDENTIARY HEARING.["]

POINT II

REPLY TO THE STATE'S ARGUMENT THAT "THE STATE DID NOT VIOLATE BRADY V. MARYLAND AND DID NOT WITHHOLD CRITICAL INFORMATION CONCERNING THE CAUSE OF DEATH.["]

We begin our analysis by acknowledging the legal principles governing this appeal. We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard also applies to mixed questions of law and fact. Id. at 420. Where an evidentiary hearing has not been held, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). It is the vehicle through which a defendant may, after conviction and sentencing, challenge a judgment of conviction by raising issues that could not have been raised on direct appeal and, therefore, "ensures that a defendant was not unjustly convicted." State v. McQuaid, 147 N.J. 464, 482 (1997).

To establish a prima facie case of ineffective assistance of counsel, defendant must satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show . . . counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Defendant must then show counsel's "deficient performance prejudiced the defense." Ibid. To show prejudice, defendant must establish by "a reasonable probability" that the deficient performance "materially contributed to defendant's conviction. . . ." Id. at 58.

A defendant is entitled to an evidentiary hearing if they present a prima facie case supporting PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds an

evidentiary hearing is required to resolve the claims presented. Rule 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013).

Applying these principles to the matter before us, we conclude an evidentiary hearing is warranted. As the PCR court noted, defendant "plans to call her trial counsel . . . to inquire as to why he did not demand an autopsy report prior to her guilty plea and why he did not seek to obtain an expert report to review and challenge the report [prepared by the Medical Examiner]."

The PCR court determined defendant was not entitled to an evidentiary hearing because she failed to demonstrate a reasonable likelihood that her claim of ineffective assistance of counsel would ultimately succeed on the merits. The court concluded:

> As previously stated, [defendant]'s arguments do not sufficiently pass under the first or second prong of the test. As such, ["]there are no material issues of disputed fact that cannot be resolved by reference to the existing record." State v. Pyatt, 316 N.J. Super. [] 46, 51 (App. Div. 1998). The basis for an evidentiary hearing must have existed when the facts of the case were established, the "[d]efendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation." [State v. Blake], 444 N.J. Super. [285,] 299 [(App. Div. 2016)].
>
> Here, all the facts are laid out in the briefs, certifications, and transcripts. There is no evidence outside of the record that would be useful in resolving

> the issue at hand. The ineffective assistance of counsel claims cited by the [defendant] fail the Strickland test as explained above. The [defendant] has not cited to any undisputed facts requiring an evidentiary hearing. Because the [defendant] has not presented a prima facie claim of ineffective assistance of counsel, an evidentiary hearing is not necessary. Preciose, 129 N.J. at 462; [State v. Jones], 219 N.J. [298,] 311 [(2014)].

We agree the record belies defendant's contention her counsel did not receive the autopsy and toxicology reports. We are concerned, however, with the absence of a factual record as to the reason trial counsel did not retain an expert to review the Medical Examiner's expert report that the State would have relied upon at trial to establish causation for the strict liability for drug-induced death prosecution. We acknowledge there was also non-scientific evidence linking defendant to the pills that, according to the State, caused decedent's death.[3] We also acknowledge there is no per se rule that the failure to retain an expert to rebut an adversary's expert constitutes ineffective assistance. But when strict liability for drug-induced death is charged, we deem it reasonable to expect counsel to have an explanation for not retaining an expert to determine whether there is a basis to challenge the forensic testimony proffered by the State.

---

[3] For example, codefendant Dorff gave a recorded statement to police identifying defendant as her sole supplier of oxycodone and the supplier of some of the pills Dorff gave to the victim.

Importantly, PCR counsel has presented an expert report challenging and criticizing the autopsy and toxicology report findings. We offer no opinion on whether the defense report is sufficiently reliable to be admissible at trial. We nonetheless deem it sufficient to establish a prima facie case for purposes of defendant's entitlement to a hearing to explore why trial counsel did not retain a defense expert before defendant pled guilty.

In reaching this conclusion, we recognize that as a general proposition, it is "quite difficult for petitioners who have acknowledged their guilt to satisfy Strickland's prejudice prong." Padilla v. Kentucky, 559 U.S. 356, 371 n.12 (2010). But defendant only needs to establish a prima facie case to be entitled to a hearing. We add that a defendant in a drug-induced death case can admit to distributing drugs to a victim without necessarily knowing from personal knowledge whether those drugs caused the death for purposes of criminal liability under N.J.S.A. 2C:35-9.

In sum, we are satisfied defendant is entitled to an evidentiary hearing to determine why her counsel did not retain an expert to challenge the State's forensic evidence, and whether the failure to procure an expert opinion prior to defendant's guilty plea meets the Strickland/Fritz framework for granting PCR.

Reversed and remanded for an evidentiary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION